# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Molidor*, 2012 IL App (2d) 110006

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL F. MOLIDOR, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0006 |
| Filed | May 25, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's order denying defendant's motion for the return of his bond was affirmed, but the order was modified to provide that the DNA analysis fee was vacated due to defendant's prior submission of his DNA, the drug court/mental health court fee was ordered to be offset by the credit to which defendant was entitled for his presentence custody, and the Violent Crime Victims Assistance Fund fine of $25 was reduced to $4 without any credit for presentence incarceration, since the fine is only $4 when any other fine is imposed, and the drug court/mental health court fee was imposed and that fee is a fine, and for the sake of clarity, the fines imposed by the circuit court clerk were vacated and reimposed pursuant to the appellate court's authority to "make any order that ought to have been given or made." |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 08-CF-2780; the Hon. George Bridges, Judge, presiding. |
| Judgment | Affirmed as modified and remanded. |

Counsel on
Appeal

Thomas A. Lilien and Bruce Kirkham, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and Victoria E. Jozef, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HUDSON delivered the judgment of the court, with opinion. Justices Zenoff and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Michael F. Molidor, pleaded guilty to violating the Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 2008)) by failing to report a change in his employment (730 ILCS 150/6 (West 2008)), and the trial court sentenced defendant to seven years in prison. The trial court denied defendant's subsequent motion for the return of his bond, finding that it had been applied to satisfy certain assessments imposed against defendant. Defendant appealed. On appeal, defendant argues that we should (1) vacate a $200 DNA analysis fee; (2) grant defendant a $10 credit sufficient to satisfy a $10 drug court/mental health court fee; (3) reduce a Violent Crime Victims Assistance Fund fine from $25 to $4; and (4) after applying defendant's $500 bond to satisfy the total assessments, return the remaining bond balance to defendant or his designee. For the reasons that follow, we grant defendant the relief requested.

¶ 2                                I. BACKGROUND

¶ 3     On January 21, 2010, defendant pleaded guilty to violating the Sex Offender Registration Act by failing to report a change in his employment. On September 30, 2010, the trial court sentenced defendant to seven years in prison, giving him credit for 583 days spent in presentencing custody. The court failed to pronounce any fees, fines, or costs. However, the party finance summary query (found in the supplemental record) shows that defendant was assessed $524 in fees, fines, and costs. Defendant's $500 bond was applied toward these assessments, leaving $24 due as of March 29, 2011. The assessments included a $200 DNA analysis fee, a $10 drug court/mental health court fee, and a $25 Violent Crime Victims Assistance Fund fine. The supplemental record also shows that defendant previously submitted a DNA sample in 1995.

¶ 4     On November 22, 2010, defendant filed a *pro se* motion seeking the return of the $500 bond. Defendant argued that the trial court "never ordered a forfeiture of bond or payment

from bond monies for fines, fee[s], costs, or charges" and that therefore defendant was "entitled to the return of all bond monies, less 10%." On November 24, 2010, the court denied the motion, finding that "[t]he bond was not forfeited, but it has been applied to the costs that [defendant] owes."

¶ 5        On December 22, 2010, defendant filed a *pro se* notice of appeal, indicating that he was "appealing ONLY the above cited orders entered on November 24, 2010." An amended notice of appeal was filed on December 29, 2010. The amended notice indicated that the date of judgment was September 30, 2010, but that the appeal was from the "denial of return of bond monies posted."

¶ 6        Defendant contends on appeal that various fines and fees imposed upon him should be vacated or modified and that, after applying the $500 bond to pay the properly imposed assessments, the remaining balance should be returned to defendant.

¶ 7                            II. ANALYSIS

¶ 8                            A. Jurisdiction

¶ 9        Before addressing the merits of defendant's claim, we first address the State's contention that we lack jurisdiction over this appeal. According to the State, we lack jurisdiction because (1) defendant's motion for the return of his bond was filed more than 30 days after judgment, and (2) even if we have jurisdiction over the denial of the motion for return of the bond, we do not have jurisdiction over defendant's arguments concerning the various fines and fees, because defendant's notice of appeal seeks review of only the order denying return of the bond.

¶ 10       Relying on Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) and *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 39 (2011), the State argues that, because defendant failed to file a motion within 30 days of sentencing, this court must dismiss the appeal. Defendant maintains that his motion for return of the bond is governed not by Rule 604(d) but rather by section 110-7(f) of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/110-7(f) (West 2010)), which contains no time limit for requesting return of a bond. Relying on *People v. Mingo*, 403 Ill. App. 3d 968 (2010), defendant argues that this court may not impose a time limitation that the legislature did not express. We agree with defendant.

¶ 11       In *Mingo*, the defendant filed under section 5-9-2 of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/5-9-2 (West 2008)) a petition for revocation of fines about four years after his convictions. *Mingo*, 403 Ill. App. 3d at 970. The trial court denied the petition. The defendant timely appealed, arguing only that the DNA analysis fee imposed upon him should be deemed satisfied by a credit for time spent in presentencing custody. *Id.* The State argued, *inter alia*, that the trial court was without jurisdiction to rule on the defendant's petition, because it had been filed more than 30 days after entry of judgment. However, we held that the petition was a "freestanding, collateral action[ ]" under section 5-9-2 of the Code of Corrections and not subject to any time limitations. *Id.* at 970-71. To determine whether the defendant's petition was timely, we applied the well-settled rules of statutory construction and examined the plain language of section 5-9-2 of the Code of

Corrections. *Id.* at 971. We found that the "plain language of section 5-9-2 does not impose any time limit on the filing of a petition to revoke fines." *Id.* We stated: "To impose a time limitation, such as within 30 days of the entry of judgment, would be to impose a limitation that the legislature did not express, something we are not permitted to do." *Id.*

¶ 12 Here, as in *Mingo*, the plain language of the statute at issue does not establish a time limitation on the filing of a motion for return of a bond. Section 110-7(f) of the Code of Criminal Procedure provides, in pertinent part, as follows:

"When the conditions of the bail bond have been performed and the accused has been discharged from all obligations in the cause the clerk of the court shall return to the accused or to the defendant's designee by an assignment executed at the time the bail amount is deposited, unless the court orders otherwise, 90% of the sum which had been deposited and shall retain as bail bond costs 10% of the amount deposited." 725 ILCS 5/110-7(f) (West 2010).

As we are not permitted to impose a time limitation that the legislature did not express, we find that defendant's motion was timely. Thus, the trial court had jurisdiction to consider the motion, and this court has jurisdiction to consider defendant's timely appeal from the denial of his motion.

¶ 13 Next, we address the State's argument that, even if this court has jurisdiction over the denial of defendant's motion for return of the bond, this court does not have jurisdiction over the propriety of the various fines and fees. According to the State, the notice of appeal was limited to the order denying defendant's motion and thus does not confer jurisdiction upon this court to consider defendant's original sentence, even if it included unauthorized fines and fees. We disagree. Resolution of the issue raised on appeal, return of the bond, necessarily depends on the calculation of the fines and fees properly imposed and thus we will consider the issue. We further note that a sentence that does not conform to a statutory requirement is void and may be corrected at any time or in any court, either directly or collaterally. *People v. Thompson*, 209 Ill. 2d 19, 25 (2004); *People v. Arna*, 168 Ill. 2d 107, 113 (1995).

¶ 14                                B. Fines and Fees

¶ 15 Turning to the merits, defendant contends that various fines and fees imposed upon him should be vacated or modified. The State agrees with defendant's arguments and financial calculations, and so do we.

¶ 16 First, defendant argues that the $200 DNA analysis fee assessed under section 5-4-3(j) of the Code of Corrections (730 ILCS 5/5-4-3(j) (West 2008)) must be vacated, because he previously submitted his DNA. "[S]ection 5-4-3 authorizes a trial court to order the taking, analysis and indexing of a qualifying offender's DNA, and the payment of the analysis fee only where that defendant is not currently registered in the DNA database." *People v. Marshall*, 242 Ill. 2d 285, 303 (2011). When the defendant's DNA is already registered in the DNA database, the fee is not authorized and it must be vacated. *Id.* Here, defendant previously submitted a DNA sample. Accordingly, we vacate the $200 DNA analysis fee.

¶ 17 Next, defendant contends that the $10 drug court/mental health court fee should be offset

by the $5-per-day credit to which defendant is entitled for the time he spent in presentencing custody. Section 110-14(a) of the Code of Criminal Procedure provides:

"Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine." 725 ILCS 5/110-14(a) (West 2008).

Defendant did not apply for the credit in the trial court; however, because the credit is mandatory, he is permitted to make the request for the first time on collateral appeal. *People v. Caballero*, 228 Ill. 2d 79, 88 (2008). Although referred to as a fee, the drug court/mental health court fee is a fine. See *People v. Graves*, 235 Ill. 2d 244, 255 (2009). Defendant spent 583 days in presentencing custody and thus is entitled to credit in an amount sufficient to satisfy the $10 drug court/mental health court fee.

¶ 18        Last, defendant contends that the Violent Crime Victims Assistance Fund fine of $25 must be reduced to $4, because he was also assessed a drug court/mental health court fee of $10. The $25 Violent Crime Victims Assistance Fund fine is to be imposed only when "no other fine is imposed." 725 ILCS 240/10(c) (West 2008). Where other fines are imposed, the court is to assess "an additional penalty of $4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2008). As already noted, although referred to as a fee, the drug court/mental health court fee is a fine. See *Graves*, 235 Ill. 2d at 255. We note that defendant is not entitled to any monetary credit against his Violent Crime Victims Assistance Fund fine, as the statute that authorizes the fine specifically provides that it is not subject to the credit. See 725 ILCS 240/10(b), (c) (West 2008) (providing that Violent Crime Victims Assistance Fund fine shall not be considered a part of the fine for purposes of any reduction made in the fine for time served before sentencing). Accordingly, here, where the other fine totals $10, defendant's Violent Crime Victims Assistance Fund fine should be $4.

¶ 19        As a final matter, we note that, because imposing fines is a judicial act, the circuit court clerk was without authority to impose the drug court/mental health court fee and the Violent Crime Victims Assistance Fund fine. See *People v. Evangelista*, 393 Ill. App. 3d 395, 401 (2009). Thus, for clarity's sake, we note that we are vacating those fines imposed by the circuit court clerk and reimposing them (subject to any credits) as noted above pursuant to our authority to "make any order that ought to have been given or made" (Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994)).

¶ 20        Based on the foregoing, we affirm the court's order on defendant's motion for the return of his bond to the extent that it requires that defendant's bond be used to pay assessments due; however, we modify the order to reflect that defendant, or his designee, is due the bond refund properly resulting from our revised assessment calculations. We remand for issuance of that refund.

¶ 21        Affirmed as modified and remanded.