2016 IL App (2d) 140458
No. 2-14-0458
Opinion filed March 8, 2016

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06-CF-1623 |
| TIZIO T. BROWN, | ) ) ) | Honorable Joseph G. McGraw, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.

Presiding Justice Schostok and Justice Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Tizio T. Brown, appealed the dismissal of his petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)).    Pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), his appellate counsel has moved to withdraw.  Although defendant alleged a statutory violation in his sentence, such a violation no longer renders a sentence void.   Thus, we grant counsel's motion and affirm the judgment.

¶ 2     On April 14, 2008, defendant entered a negotiated plea of guilty to a single count each of second-degree murder (720 ILCS 5/9-2(a)(2) (West 2006)) and armed robbery (720 ILCS 5/18-2(a)(1) (West 2006)).   Defendant's agreement with the State provided that he would be

sentenced to consecutive prison terms of 20 years for second-degree murder and 10 years for armed robbery. Prior to accepting defendant's guilty plea, the trial court admonished him that he would also be required to serve a two-year term of mandatory supervised release (MSR) (see 730 ILCS 5/5-8-1(d)(2) (West 2006)) for second-degree murder and a three-year MSR term for armed robbery (see 730 ILCS 5/5-8-1(d)(1) (West 2006)). The trial court indicated that it was unsure whether the MSR terms could be served concurrently or whether defendant would have to serve an aggregate five-year MSR term. The mittimus states that defendant was sentenced to a 20-year prison term and a 2-year MSR term for second-degree murder, with that sentence running consecutively to his sentence of 10 years' imprisonment and 3 years' MSR for armed robbery.

¶ 3    Defendant filed a notice of appeal. However, because he had not filed a motion in the trial court to withdraw his guilty plea, we dismissed the appeal pursuant to the holding of *People v. Linder*, 186 Ill. 2d 67, 74 (1999). *People v. Brown*, No. 2-08-0476 (2010) (unpublished order under Supreme Court Rule 23). Defendant subsequently petitioned for relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)). The trial court summarily dismissed the petition, defendant appealed, and the trial court appointed the Office of the State Appellate Defender to represent defendant on appeal. However, we granted appellate counsel's motion to withdraw and we affirmed the summary dismissal of defendant's petition. *People v. Brown*, 2012 IL App (2d) 110716-U (summary order).

¶ 4    On September 20, 2013, defendant filed a section 2-1401 petition seeking relief from the judgment of conviction. Defendant asserted that the trial court had imposed a five-year MSR term that was unauthorized by statute and was therefore void. Defendant also asserted that his attorney had not explained that consecutive sentencing would make him ineligible to increase good-conduct credit by participating in educational programs. See 730 ILCS 5/3-6-3(a)(4) (West

2006). The State moved to dismiss the petition, claiming, *inter alia*, that it was untimely. The trial court granted the State's motion and this appeal followed.

¶ 5 The Office of the State Appellate Defender has been appointed to represent defendant on appeal. In accordance with *Finley* and *Lee*, counsel has filed a motion for leave to withdraw, in which he states that he has reviewed the record and has concluded that this appeal presents no arguably meritorious issue. Counsel served a copy of the motion on defendant. The clerk of this court notified defendant of the motion and informed him that he would be afforded an opportunity to present, within 30 days, any additional matters to this court. Defendant has filed a response.

¶ 6 Counsel contends, *inter alia*, that the petition was properly dismissed on the basis that it was untimely. Generally speaking, a petition for relief under section 2-1401 "must be filed not later than 2 years after the entry of the order or judgment," excluding "[t]ime during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed." 735 ILCS 5/2-1401(c) (West 2012). However, the two-year time limit does not apply to challenges that a judgment is void. *In re Haley D.*, 403 Ill. App. 3d 370, 373 (2010).

¶ 7 Defendant's petition was filed more than five years after the entry of the judgment of conviction. As to his claim regarding good-conduct credit, he did not allege that he was under a legal disability or duress or that the ground for relief was fraudulently concealed. Thus, that claim was untimely.

¶ 8 Defendant's failure to file his petition within two years after the entry of the judgment does not foreclose his voidness challenge to the MSR term imposed under the judgment. However, that challenge fails on the merits. To be sure, by stating that defendant's sentence (including the MSR term) for second-degree murder will run consecutively to his sentence (including the MSR term) for armed robbery, the mittimus suggests that defendant will serve

both MSR terms, consecutively. This indeed would be a statutory violation. See 730 ILCS 5/5-8-4(e)(2) (West 2006); *People v. Jackson*, 231 Ill. 2d 223, 227 (2008) ("When a defendant receives consecutive sentences for multiple felonies, these sentences are treated as a single term, and the defendant serves the MSR term corresponding to the most serious offense."). Further, until very recently, such a statutory violation rendered a sentence void. *People v. Donelson*, 2013 IL 113603, ¶ 15. However, in *People v. Castleberry*, 2015 IL 116916, the supreme court reversed course, holding that a sentence is void only if the court that entered it lacked jurisdiction, regardless of whether the sentence is statutorily authorized. Here, the trial court obviously had jurisdiction to impose defendant's sentence, including the unauthorized MSR term. As a result, defendant's sentence is not void.

¶ 9     This case thus presents an early example of *Castleberry*'s implications. In *Castleberry*, the supreme court's decision defeated the State's request for an increase in a sentence that was unlawfully low. Here, though, the decision cuts the other way, against a defendant whose sentence, at least in part, is unlawfully high. As was noted shortly before *Castleberry* was decided, "if a statutorily unauthorized sentence is merely voidable—because, after all, a criminal case is 'within the general class of cases that the court has the inherent power to hear and determine' [citation]—then a criminal defendant serving such a sentence will be strictly limited in his ability to obtain relief from it." *In re Megan G.*, 2015 IL App (2d) 140148, ¶ 44 (Jorgensen, J., specially concurring). In fairness, the supreme court did suggest the possible availability of an alternative avenue. See *Castleberry*, 2015 IL 116916, ¶¶ 26-27 (*mandamus*). In this case, however, faced with a defendant's challenge to a statutorily unauthorized sentence, we can do nothing.

¶ 10   Because there is no arguably meritorious basis for challenging the dismissal of defendant's petition, we grant counsel's motion to withdraw and we affirm the judgment of the circuit court of Winnebago County.

¶ 11   Affirmed.