2016 IL App (2d) 140792
No. 2-14-0792
Opinion filed May 16, 2016

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06-CF-3801 |
| DEVEER D. BUFFKIN, | ) ) | Honorable George J. Bakalis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices Hutchinson and Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant, Deveer D. Buffkin, appeals from the dismissal of his postconviction petition. However, he does not assert any error in that dismissal; instead, for the first time, he raises two claims attacking certain financial aspects of his sentence. The State confesses error. We accept that confession and grant the requested relief, though the precise grounds on which we may do so on his second claim require an explanation that neither party provides.

¶ 2 On October 2, 2007, defendant pleaded guilty to aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2006)) and was sentenced to 15 years' imprisonment, with credit for 279 days served. The trial court also imposed various fines and fees. On January 24, 2012, defendant filed a pleading that the trial court treated as a petition for a writ of *habeas corpus*. The

trial court denied the pleading, but on appeal we held that the trial court should have treated it as a postconviction petition. We thus remanded the cause. *People v. Buffkin*, 2013 IL App (2d) 120261-U. On remand, the trial court dismissed the petition. Defendant appealed.

¶ 3    On appeal, defendant raises, for the first time, two claims directed at his sentence: (1) under section 110-14 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14 (West 2006)), his time in presentencing custody entitles him to full credit against two fines, which total $60; and (2) under *People v. Marshall*, 242 Ill. 2d 285, 291 (2011), he is entitled to the vacatur of his DNA analysis fee (730 ILCS 5/5-4-3 (West 2006)), which is successive. The State confesses error on both claims, which, at least *substantively*, are correct. Our concern is whether, *procedurally*, we may grant them at this late stage.

¶ 4    Defendant's first claim does not detain us long. In *People v. Caballero*, 228 Ill. 2d 79, 88 (2008), noting that section 110-14 of the Code permits the award of credit merely "upon application of the defendant" (725 ILCS 5/110-14 (West 2006)), the supreme court held that a defendant could apply for the credit "at any time and at any stage of court proceedings, even on appeal in a postconviction proceeding." Thus, here, we face no impediment in granting defendant the credit he seeks.

¶ 5    Defendant's *second* claim, though, is a different matter. In *Marshall*, the supreme court vacated the defendant's successive DNA analysis fee. In doing so, although the defendant had raised the issue for the first time on appeal, the court ruled that the claim could be raised at any time. Specifically, as the successive fee was statutorily unauthorized, it was void. *Marshall*, 242 Ill. 2d at 302 (citing *People v. Rigsby*, 405 Ill. App. 3d 916, 920 (2010), citing *People v. Arna*, 168 Ill. 2d 107, 113 (1995)).

¶ 6 After *Marshall*, however, the supreme court decided *People v. Castleberry*, 2015 IL 116916, abolishing *Arna*'s rule that a statutorily unauthorized sentence is void. Under *Castleberry*, when a sentencing court has jurisdiction—which the trial court here obviously did—a statutorily unauthorized sentence is merely voidable, and is not subject to collateral attack. See *id.* ¶ 11. Thus, here, as defendant's DNA analysis fee is merely voidable, he may not collaterally attack it.

¶ 7 Deprived of any assertion of voidness,[1] defendant cites no authority that establishes our ability to reach this claim. He cites *Caballero*, where the supreme court did say that we may grant an application for credit under section 110-14, raised for the first time on collateral appeal, in the " 'interests of an orderly administration of justice.' " *Caballero*, 228 Ill. 2d at 88. However, this statement was premised on the court's acknowledgement that section 110-14 specifically permits the award of credit "upon application of the defendant" (725 ILCS 5/110-14 (West 2006)), without any limit as to time. *Caballero*, 228 Ill. 2d at 88. Thus, the court did not suggest that we may reach *any* sentencing claim on collateral appeal where the interests of justice so require, a suggestion that would deprive *Castleberry* of virtually all of its preclusive force. Rather, the court ruled that, in the interests of justice, we may reach any claim that may be raised *at any time*. Unlike section 110-14, the statute authorizing only one DNA analysis fee does not give a

---

[1] Defendant does not argue that *Castleberry* should apply only prospectively. The supreme court is soon to address that question. *People v. Price*, No. 118613 (Ill. May 27, 2015). In the meantime, this court has assumed that *Castleberry* applies retroactively. See *People v. Brown*, 2016 IL App (2d) 140458, ¶ 9.

defendant an unlimited ability to attack a successive one. See 730 ILCS 5/5-4-3 (West 2006).[2] As a result, we may not reach this claim under *Caballero*.

¶ 8    Defendant also cites *People v. Owens*, 129 Ill. 2d 303, 317 (1989), in which the supreme court held that, "[w]here fundamental fairness requires, the rule of [forfeiture] will not be applied in postconviction proceedings." However, as the court went on to explain, " 'fundamental fairness' requires courts to review procedurally defaulted claims in collateral proceedings only when a defendant shows cognizable 'cause' for his failure to make timely objection, and shows 'actual prejudice' flowing from the error now complained of." *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). To the extent that *Owens* holds that a claim meeting the cause-and-prejudice test may be raised for the first time on collateral appeal, defendant does not attempt to satisfy that test. Certainly, we can imagine no "cause" for his having failed to raise this issue directly.

¶ 9    Finally, defendant cites Illinois Supreme Court Rule 615(b)(1) (eff. Jan. 1, 1967), which permits us to "modify the judgment or order from which the appeal is taken," as limited by Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967), which permits us to "reduce the punishment imposed by the trial court." See *Castleberry*, 2015 IL 116916, ¶ 24. But this is precisely the point: defendant did not take this appeal from the sentencing order; instead he took it from the

---

[2] We observe that the *Caballero* court drew an analogy to cases holding that a defendant may seek, at any time, sentencing credit under section 5-8-7(b) of the Unified Code of Corrections (730 ILCS 5/5-8-7(b) (West 2006)). However, those cases were based on the fact that, in essence, such a request is a motion to amend the mittimus, which, indeed, may be made at any time. See *Caballero*, 228 Ill. 2d at 84 (quoting *People v. Wren*, 223 Ill. App. 3d 722, 731 (1992)). A request to reduce the sentence itself (as opposed to a request for credit against it) is not a motion to amend the mittimus.

dismissal of his postconviction petition. This is a collateral appeal, and, beyond the dismissal itself, defendant is strictly limited in what he may raise. He may raise any claim that may be raised at any time. But he may not collaterally attack his sentence as statutorily unauthorized. See *id.* ¶ 11.

¶ 10 It thus is clear that defendant may attack his DNA analysis fee only directly. His problem, of course, is that the time to directly attack his sentence is long past. Defendant filed a timely notice of appeal from the dismissal of his postconviction petition, giving us jurisdiction of that judgment. But, because the time to directly appeal from his sentence expired nearly a decade ago, ordinarily we would lack jurisdiction of that judgment. See Ill. S. Ct. R. 606(b) (eff. Sept. 1, 2006); *In re J.T.*, 221 Ill. 2d 338, 346 (2006).

¶ 11 The State, however, has confessed error. Thus, the State has "revested" the courts with jurisdiction of defendant's sentence. For that reason only, we may reach defendant's claim.

¶ 12 The revestment doctrine provides that, after a court's jurisdiction of a judgment has lapsed, the parties may restore the court's jurisdiction of that judgment so that it may address " '[s]pecial circumstances *** in which the interests of finality are lessened.' " *People v. Bailey*, 2014 IL 115459, ¶ 12 (quoting *People v. Bainter*, 126 Ill. 2d 292, 304-05 (1989)). "[F]or the revestment doctrine to apply, *both* parties must: (1) actively participate in the proceedings; (2) fail to object to the untimeliness of the late filing; *and* (3) assert positions that make the proceedings inconsistent with the merits of the prior judgment and support the setting aside of at least part of the judgment." (Emphases in original.) *Id.* ¶ 25. Although generally the revestment doctrine is applied to a late attack in a trial court (see *id.* ¶ 8), we see no basis for holding that it cannot be applied to a late attack in this court.

¶ 13    And, indeed, the criteria of the doctrine are satisfied here.   Despite the finality of defendant's sentence, both parties have actively participated in this appeal; the State has failed to object to the untimeliness of defendant's attack on his sentence; and both parties have agreed to set aside the DNA analysis fee.   Thus, we shall do so.

¶ 14    In the wake of *Castleberry*, we expressed our concern that defendants serving statutorily unauthorized sentences will be unable to obtain relief therefrom.   See *Brown*, 2016 IL App (2d) 140458, ¶ 9.   As this case demonstrates, however, the revestment doctrine provides a "safeguard" against *Castleberry*'s effects.   See *Bailey*, 2014 IL 115459, ¶ 12.[3]   As has often been noted, the State's duty is to see that justice is done, not only for the public but also for the defendant.   *In re Derrico G.*, 2014 IL 114463, ¶ 107.   Even where the defendant's attack on his statutorily unauthorized sentence is otherwise precluded, we urge the State to "support the setting aside of at least part of the judgment."   *Bailey*, 2014 IL 115459, ¶ 25.

¶ 15    Here, we accept the State's confession of error and remand the cause for the circuit court of Du Page County to (1) apply a $60 credit against defendant's fines; (2) vacate defendant's DNA analysis fee; and (3) recalculate the assessments outstanding and the fee for collection.

¶ 16    Remanded with directions.

---

[3] There might also be others, of course.   In *Brown*, we acknowledged that the *Castleberry* court had suggested the possible availability of *mandamus*.   *Brown*, 2016 IL App (2d) 140458, ¶ 9 (citing *Castleberry*, 2015 IL 116916, ¶¶ 26-27).   However, the *Castleberry* court declined to explore that potential remedy in the absence of a petition for it.   *Castleberry*, 2015 IL 116916, ¶ 27.   Here, we shall follow suit.