2016 IL App (3d) 140877

Opinion filed December 8, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-14-0877 |
| v. | ) ) | Circuit No. 10-CF-2009 |
| MATTHEW RAMONES, | ) ) | Honorable Daniel J. Rozak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion.
Justices McDade and Schmidt concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant entered a guilty plea to the offense of aggravated domestic battery. Accordingly, the trial court sentenced defendant to four years of imprisonment on November 2, 2010. Four years later, on August 25, 2014, defendant filed a *pro se* petition for relief from judgment. The State filed a motion to dismiss which the trial court granted. Defendant appeals the dismissal of his petition.

¶ 2                                    FACTS

¶ 3     Matthew Ramones (defendant) pleaded guilty to aggravated domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2010)). On November 2, 2010, the trial court sentenced defendant to four

years of imprisonment and ordered defendant to pay costs. The record contains a "4th Revised Criminal Cost Sheet" (Cost Sheet) dated November 2, 2010.

¶ 4        The Cost Sheet contains a $50 "court systems fee" and a $200 "DNA analysis fee," along with other financial charges that have not been contested in this appeal.

¶ 5        The record reveals defendant did not file a posttrial motion or bring any monetary concerns to the trial court's attention after sentencing. In the trial court, defendant did not make any application requesting the $5 *per diem* credit to offset fines. Similarly, after the sentencing order was entered, defendant did not raise a timely challenge to any of the amounts reflected in the Cost Sheet.

¶ 6        Four years later, on August 25, 2014, defendant filed a *pro se* petition for relief from judgment (petition) pursuant to the Code of Civil Procedure but did not contest any monetary issues in the petition. 735 ILCS 5/2-1401(f) (West 2014). Defendant's petition was limited to due process violations affecting his conviction.

¶ 7        The State filed a combined motion to dismiss defendant's petition pursuant to sections 2-103, 2-615, and 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-301, 2-615, 2-619(a)(5) (West 2014)), and Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). The State's combined motion sought dismissal on the grounds that defendant's petition was untimely, service was improper, and the petition failed to state a cause of action. The trial court granted the State's motion to dismiss on September 30, 2014, on jurisdictional grounds, citing lack of proper service. Defendant appeals.

¶ 8                                    ANALYSIS

¶ 9        In this appeal, defendant does not challenge the trial court's 2014 decision dismissing defendant's petition. Hence, the trial court's unchallenged dismissal of the petition must stand.

¶ 10    However, defendant uses the opportunity presented by this appeal to make his first request for the application of the $5 *per diem* credit to offset his $50 court systems fine.[1] The State does not oppose the requested $5 *per diem* credit to apply to the court systems fine.

¶ 11    In addition, also for the first time on appeal, defendant raises a challenge to the successive DNA analysis fee included in the 2010 Cost Sheet. Defendant asserts he previously submitted to a DNA analysis and should not be compelled to pay a successive DNA analysis fee. The State claims defendant has forfeited any error with respect to the duplicate DNA analysis fee and opposes revestment, which would allow this court to consider the procedurally forfeited issue.

¶ 12    In *People v. Buffkin*, 2016 IL App (2d) 140792, the court considered the same two issues, together with defendant's request for revestment. Recognizing the insightful analysis set forth in *Buffkin*, we apply the same rationale to defendant's request for a $5 *per diem* credit. However, before we address the first issue related to the $5 *per diem* credit, several observations are in order.

¶ 13    First, the $5 *per diem* credit is not automatic. The applicable statute states that the defendant "shall be allowed a credit of $5 for each day so incarcerated *upon application* of the defendant." (Emphasis added.) 725 ILCS 5/110-14(a) (West 2014). Hence, a trial court has no obligation to grant the monetary credit *sua sponte* in the event defense counsel fails to request application of the credit to offset fines. However, once defendant makes an application for the $5 *per diem* credit to apply, then the trial court "shall" allow the requested credit. In addition, the statute provides that the credit applies to reduce fines rather than court costs.

---

[1]Defendant does not request the *per diem* credit to be applied to any other amounts included in the Cost Sheet. Further, we recognize that the Cost Sheet at issue in this case references a court systems "fee" and not a court systems "fine." However, this assessment is considered a "fine," and we will refer to it as such. *People v. Smith*, 2013 IL App (2d) 120691, ¶¶ 18-20. We note, for purposes of this appeal, defendant does not challenge the court systems fine on the basis that it was added by the circuit clerk.

¶ 14    In the case at bar, defense counsel did not request the $5 *per diem* credit at any point in time when before the trial court. This fact is not earth-shattering because the trial court announced the imposition of costs only. As stated above, the credit cannot be applied to reduce court costs.

¶ 15    However, at this point in time, defendant has now made an application to this court requesting to receive the $5 *per diem* credit to offset fines reflected in the original Cost Sheet. The State concedes defendant is now entitled to receive this credit to offset the $50 court systems fine. The State's concession is supported by the holding in *Buffkin*, which recognizes there is "no impediment" to granting the credit defendant requests for the first time when before a reviewing court. *Buffkin*, 2016 IL App (2d) 140792, ¶ 4. Consequently, we agree defendant is entitled to receive the $5 *per diem* credit to satisfy the $50 court systems fine.

¶ 16    Next, we turn to the second issue in this appeal that pertains to a successive DNA analysis fee. It is interesting to note that when the successive DNA analysis fee was imposed in this case in 2010, the sentencing judge did not have the benefit of the decision in *People v. Marshall*, 242 Ill. 2d 285 (2011). It is likely that defense counsel did not object to the successive DNA analysis fee in 2010 because this issue was not settled by existing case law. For purposes of this appeal, neither party addresses the issue of whether *Marshall* applies retroactively and we will not undertake that analysis *sua sponte*.

¶ 17    Nonetheless, the court in *Buffkin* also had an opportunity to consider the defendant's untimely objection to a successive DNA analysis fee under similar circumstances. In *Buffkin*, the Second District held that the imposition of a successive DNA analysis fee did not create a void judgment subject to challenge at any time. See generally, *Buffkin*, 2016 IL App (2d) 140792, ¶¶ 9-10. Since the original sentence in *Buffkin* was not void, the Second District reasoned that

4

forfeiture would apply unless the State agreed to allow the reviewing court to consider the issue based on the revestment doctrine. *Id*. ¶¶ 10-11. In *Buffkin*, the State agreed to allow revestment and the court granted the relief requested. *Id*. ¶ 11. Here, the State takes a different stance and opposes revestment.

¶ 18    Applying the rationale of *Buffkin*, we hold that the imposition of a successive DNA analysis fee did not result in a void sentence in the case at bar. We also recognize defendant did not preserve this issue in the trial court and forfeiture applies. Since the State opposes revestment, procedural forfeiture controls the outcome of this issue.

¶ 19                                                    CONCLUSION

¶ 20    We remand the cause for the circuit court of Will County to apply a $50 credit to satisfy defendant's $50 court systems fine. Defendant's request for this court to direct the trial court to vacate the DNA analysis fee is denied based on procedural default.

¶ 21    The judgment of the circuit court of Will County is remanded with directions.

¶ 22    Remanded with directions.