# Illinois Official Reports

## Appellate Court

---

### *People v. Grigorov*, 2017 IL App (1st) 143274

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE GRIGOROV, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-14-3274 |
| Filed<br>Rehearing denied<br>Supplemental opinion upon denial of rehearing filed | June 27, 2017<br>August 31, 2017<br><br><br><br>October 10, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CR-20167; the Hon. Thomas P. Fecarotta, Jr., Judge, presiding. |
| Judgment | Affirmed; cause remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Katie Anderson, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins, and Nancy Kisicki, Assistant State's Attorneys, of counsel), for the People. |

| Panel | JUSTICE MASON delivered the judgment of the court, with opinion. Presiding Justice Neville and Justice Pierce concurred in the judgment and opinion. |

**OPINION**

¶ 1 Pursuant to a negotiated guilty plea, defendant George Grigorov[1] was convicted of aggravated driving under the influence of alcohol (ADUI) and driving on a revoked or suspended license. He was sentenced to concurrent prison terms of six and three years with fines and fees. Grigorov now appeals from an order denying his petition for revocation of fines based upon his alleged inability to pay. On appeal, he has abandoned his claim regarding inability to pay, but he contends for the first time that he should receive presentencing detention credit against his fines and that certain of his fines and fees were erroneously assessed. For the reasons stated below, we grant the requested presentencing detention credit, but find that we lack jurisdiction over Grigorov's other newly raised claims and therefore affirm the denial of his petition.

¶ 2 Grigorov was charged with ADUI and felony driving on a revoked or suspended license allegedly committed on or about September 28, 2013. On April 10, 2014, he pled guilty to one count of each offense in exchange for concurrent prison terms of six and three years with mandatory supervised release and "all mandatory fines, fees, and court costs." Following the requisite admonishments, inquiries, stipulation to a factual basis for the plea, and findings, the court sentenced Grigorov pursuant to the agreement. The court admonished Grigorov of his appeal rights, including the requirement of a timely written motion to withdraw his plea. Grigorov did not file either a motion to withdraw his plea or a notice of appeal within 30 days of his April 10 plea and sentencing.

¶ 3 In August 2014, Grigorov filed a motion, requesting that the court vacate $6000 in imposed "assessments," including a $5000 DUI offense fine, because of his inability to pay. (The motion was mailed in mid-August and stamped "filed" in the circuit court in mid-September.) In support, Grigorov alleged that he earned only $14.40 monthly in prison, would be required to find employment and housing upon his release despite his criminal record, had no property, and had "no family with the financial means to assist him." Grigorov did not argue that the fines and fees were erroneously assessed, but only his present and future inability to pay them.

¶ 4 On September 17, 2014, the court denied the motion without findings, and Grigorov filed the present appeal. Here, Grigorov has abandoned his claim that his fines should be revoked because he is unable to pay them. Rather, he now contends that (i) he should receive $975 in presentencing detention credit against his fines pursuant to section 110-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14 (West 2012)) and (ii) certain of his fines and fees were erroneously assessed.

¶ 5 Generally, the circuit court loses jurisdiction to alter a sentence after 30 days. *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). An exception to this rule is found in section 5-9-2, which provides that "the court, upon good cause shown, may revoke the fine or the unpaid portion or may modify the method of payment." 730 ILCS 5/5-9-2 (West 2014). A section 5-9-2 petition

---

[1]Also known as Georgi Grigorov, Dimitra Grigorov, Gimtar Nikolov, and Solbon Balzhinimaev.

is a freestanding collateral action, "allowing defendants to seek financial relief at any appropriate time," even after the 30-day time limit has passed. *People v. Mingo*, 403 Ill. App. 3d 968, 972 (2010). Accordingly, the trial court had jurisdiction over Grigorov's petition, and we have jurisdiction over Grigorov's timely appeal from the denial of that petition. *Id.* at 973.

¶ 6    But in this appeal, Grigorov is not contending that his section 5-9-2 petition was erroneously denied. Rather than pursuing the claims he raised in that petition, he raises entirely new and unrelated claims that challenge a portion of his sentence as erroneous. Thus, the question is whether Grigorov may raise these claims for the first time on appeal as part of a collateral action under section 5-9-2.

¶ 7    With regard to his claim for presentencing detention credit, the answer is yes because section 110-14 permits the award of credit merely "upon application of the defendant." 725 ILCS 5/110-14 (West 2012). Based on this statutory language, our supreme court has held that a defendant can apply for that credit "at any time and at any stage of court proceedings, even on appeal in a postconviction proceeding." *People v. Caballero*, 228 Ill. 2d 79, 88 (2008). Of course, a distinction here is that Grigorov's appeal does not challenge the ruling he purported to appeal, whereas the petitioner in *Caballero* did, in fact, challenge the denial of his postconviction petition and raised the *per diem* credit issue as an add-on issue. *Id.* at 82. But we view our supreme court's language in *Caballero* as support for allowing Grigorov to seek the *per diem* credit here. *Id.* at 88 ("[I]f, as in this case, the basis for granting the application of the defendant is clear and available from the record, the appellate court may, in the 'interests of an orderly administration of justice,' grant the relief requested.").

¶ 8    Grigorov's remaining claims do not fare as well, since they are outside the scope of his section 5-9-2 appeal and there is no statute authorizing him to raise such claims at any time. As this court has explained: "This is a collateral appeal, and, beyond the dismissal itself, defendant is strictly limited in what he may raise. He may raise any claim that may be raised at any time. But he may not collaterally attack his sentence as statutorily unauthorized." *People v. Buffkin*, 2016 IL App (2d) 140792, ¶ 9; see also *People v. Speed*, 318 Ill. App. 3d 910, 914-15 (2001) (where defendant appealed from sentence entered upon revocation of his probation, the court was without jurisdiction to consider alleged errors in the underlying guilty plea proceeding).

¶ 9    The *Buffkin* defendant appealed the dismissal of his postconviction petition but did not assert any error in that dismissal; instead, he sought presentence credit under section 110-14 and challenged the imposition of a DNA analysis fee. The *Buffkin* court held that the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2006)) did not grant jurisdiction over defendant's fee challenge, which was beyond the scope of the appeal. *Buffkin*, 2016 IL App (2d) 140792, ¶ 9. Similarly, section 5-9-2 does not grant us jurisdiction over Grigorov's challenges to his fines and fees, where all of them are outside the scope of the particular order being appealed from, some of them are outside the scope of section 5-9-2 altogether (since section 5-9-2 only deals with revocation of fines, not fees), and none of them were ever raised before the trial court. See *In re Appointment of Special State's Attorney*, 305 Ill. App. 3d 749, 762 (1999) (" 'the Appellate Court's jurisdiction is appellate, and extends only to those matters in controversy which have been ruled upon by the trial court' " (quoting *Goodrich v. Sprague*, 376 Ill. 80, 86 (1941))).

¶ 10    Grigorov argues that the issues raised in his section 5-9-2 petition and the ones he now raises on appeal are "inextricably intertwined," such that the trial court had full opportunity to review his essential claims. He also argues that we must resolve his fines-and-fees challenges

in order to determine whether the trial court abused its discretion in denying his section 5-9-2 petition, citing *People v. Molidor*, 2012 IL App (2d) 110006. We disagree. Although Grigorov sought revocation of his fines, he did so solely on the basis of his alleged inability to pay. He did not assert that the trial court exceeded its statutory authority in imposing those fines in the first place, nor did he raise any challenge to his fees (which would, in any case, be beyond the permissible scope of a section 5-9-2 petition). Since Grigorov did not claim the trial court miscalculated his fines and fees, the trial court had no reason to reconsider its initial calculation.

¶ 11 Furthermore, *Molidor* is no longer good law, since its jurisdictional analysis relies on the void sentence rule (*id.* ¶ 13), which was later abolished by our supreme court in *People v. Castleberry*, 2015 IL 116916, ¶¶ 16-17. See *People v. Reed*, 2016 IL App (1st) 140498, ¶ 13 ("Defendant asserts that his fees are void, and may therefore be challenged at any time [citation]. In light of *People v. Castleberry* [citation], this rule no longer applies."). Under *Castleberry*, a statutorily unauthorized sentence is merely voidable, rather than void, and is therefore not subject to collateral attack. *Buffkin*, 2016 IL App (2d) 140792, ¶ 6.

¶ 12 Grigorov cites *People v. McCray*, 2016 IL App (3d) 140554, ¶ 20, for the proposition that *Castleberry*'s abolition of the void judgment rule had no effect on his challenge to his fees, which he argues are not part of the sentence but merely a "collateral consequence of conviction." *McCray*'s essential holding is that, notwithstanding *Castleberry*, a fee (as opposed to a fine) imposed without statutory authority is void. We disagree. Our research has not disclosed any cases that follow *McCray*; on the contrary, courts have repeatedly held that *Castleberry*'s abolition of the void judgment rule applies to challenges to fees as well as fines. See, *e.g.*, *Reed*, 2016 IL App (1st) 140498, ¶ 13; *People v. Ramones*, 2016 IL App (3d) 140877, ¶ 17 (imposition of successive DNA analysis fee did not create a void judgment subject to challenge at any time); *Buffkin*, 2016 IL App (2d) 140792, ¶ 6 (same). Moreover, as our supreme court explained in *People v. Price*, 2016 IL 118613, ¶ 31:

> "This court has recognized only three circumstances in which a judgment will be deemed void: (1) where the judgment was entered by a court that lacked personal or subject-matter jurisdiction, (2) where the judgment was based on a statute that is facially unconstitutional and void *ab initio*, and (3) where a judgment of sentence did not conform to a statutory requirement (the void sentence rule). [Citation.] *Castleberry* eliminated the third type of void judgment, thus narrowing the universe of judgments subject to attack in perpetuity."

Grigorov does not claim that the trial court lacked personal or subject-matter jurisdiction to impose fees following his guilty plea, nor does he claim that the fee statute was facially unconstitutional. Thus, the fees are not void. See *People v. Morrison*, 2016 IL App (4th) 140712, ¶ 23 ("Defendant does not challenge the trial court's personal or subject-matter jurisdiction, and, therefore, under *Castleberry*, we need not address whether his sentence is void.").

¶ 13 We additionally disagree with Grigorov's contention that Illinois Supreme Court Rule 615 permits review of his challenges to his fines and fees. Rule 615 provides, in relevant part:

> "(a) Insubstantial and Substantial Errors on Appeal. Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court.

(b) Powers of the Reviewing Court. On appeal the reviewing court may:

(1) reverse, affirm, or modify the judgment or order from which the appeal is taken[.]" Ill. S. Ct. R. 615.

¶ 14 Grigorov argues that we may reach the merits of his claims under Rule 615(b), which authorizes us to modify the order from which the appeal is taken. But Grigorov's argument does not address the mandate of Rule 615(a), which dictates that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Ill. S. Ct. R. 615(a). On its face, Rule 615(b) sets forth the kinds of relief that a reviewing court may grant, but not the kinds of issues that a reviewing court may address. It certainly does not purport to override the forfeiture rule set forth in Rule 615(a). It makes most sense to view Rule 615 as a harmonious whole: subsection (a) prescribes the kinds of errors that are reviewable, while subsection (b) prescribes potential remedies for error (but only if review is proper under subsection (a)).

¶ 15 Finally, Grigorov is barred from directly attacking his fines and fees in this court by Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016), which provides:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment."

As our supreme court has explained, "the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits" and requires that we dismiss the appeal. *Flowers*, 208 Ill. 2d at 301; see also *In re J.T.*, 221 Ill. 2d 338, 346-47 (2006) (where respondent failed to file a timely Rule 604(d) motion, the appellate court had no jurisdiction to consider any issues arising from his guilty plea or sentence). Thus, we must dismiss Grigorov's claims that certain of his fines and fees were erroneously assessed.

¶ 16 Grigorov argues that judicial economy is ill-served by a decision not to consider his claims on the merits. But notions of judicial economy, by themselves, cannot create jurisdiction where it does not otherwise exist. Perhaps just as importantly, we find that in the long run, judicial economy would best be served if fines-and-fees issues were resolved expeditiously at the trial court level, rather than requiring the time and expense of an appeal in the first place. See *People v. Griffin*, 2017 IL App (1st) 143800, ¶ 7.

¶ 17 Proceeding to the merits of Grigorov's claim for presentence credit under section 110-14, Grigorov asserts that he is entitled to $975 in credit for 195 days served. He states that this credit should be applied to the following fines, the total of which exceeds $975: a $1000 DUI law enforcement fine (625 ILCS 5/11-501.01(f) (West 2012)); a $30 Children's Advocacy Center fine (55 ILCS 5/5-1101(f-5) (West 2012)); a $30 fine to fund expungement of juvenile records (730 ILCS 5/5-9-1.17 (West 2012)); court system fines totaling $150 (55 ILCS 5/5-1101(c), (d) (West 2012)); and a $50 roadside memorial fine (730 ILCS 5/5-9-1.18 (West 2012)). The State concedes that Grigorov is entitled to a $975 credit.

¶ 18 Accordingly, we affirm the trial court's denial of Grigorov's section 5-9-2 petition and remand with instructions to reduce Grigorov's assessments by $975.

¶ 19    As a concluding note, the facts of this case highlight the all-too-frequent futility of Illinois's labyrinthine system of fines and fees for criminal defendants. See Statutory Court Fee Task Force, *Illinois Court Assessments: Findings and Recommendations for Addressing Barriers to Access to Justice and Additional Issues Associated With Fees and Other Court Costs in Civil, Criminal, and Traffic Proceedings* 7 (June 1, 2016), http:// www.illinoiscourts.gov/2016_Statutory_Court_Fee_Task_Force_Report.pdf ("Over the years, more and more costs have been passed on to court patrons through an elaborate web of fees and fines that are next to impossible to decipher and severely lacking in uniformity and transparency."). As this court has repeatedly observed, " '[t]he judicial and clerical time expended on accurate calculation of the precise assessment of these monies, much of which may never be collected, is phenomenal.' " *People v. Rexroad*, 2013 IL App (4th) 110981, ¶ 56 (quoting *People v. Folks*, 406 Ill. App. 3d 300, 309 (2010)). Grigorov has asserted his inability to pay his fines and fees. He earns only $14.40 a month in prison. Once he is released from prison, he will attempt to find employment and housing despite his felony record. He represents that he has no property and no family with the financial means to assist him. Assuming these averrals are true, regardless of what we rule today or any future rulings that may be made in this case, the outcome for the State is likely to be the same: it will never collect the bulk of the fines and fees that Grigorov's appellate counsel and the State's Attorney's office have so painstakingly calculated and recalculated for purposes of this appeal.

¶ 20    Affirmed; cause remanded with directions.

¶ 21                    SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

¶ 22    In his petition for rehearing, Grigorov argues for the first time that imposition of the $5000 DUI offense fine is a "defect[ ] affecting substantial rights," as required to invoke the plain error rule set forth in Rule 615(a) (Ill. S. Ct. R. 615(a)). He argues that his case is analogous to *People v. Lewis*, 234 Ill. 2d 32 (2009). The *Lewis* defendant was convicted of unlawful possession of a controlled substance and was assessed a $100 street-value fine. On appeal, defendant argued that the trial court lacked an evidentiary basis to determine the street value of the controlled substance. Although defendant forfeited the issue by failing to raise it before the trial court, the *Lewis* court held that plain error review was appropriate, explaining:

> "The error here is more than a simple mistake in setting the fine. Rather, it is a failure to provide a fair process for determining the fine based on the current street value of the controlled substance. Plain-error review is appropriate because imposing the fine without any evidentiary support in contravention of the statute implicates the right to a fair sentencing hearing." *Id.* at 48.

Grigorov asserts that, like *Lewis*, the trial court here lacked an evidentiary basis to impose the $5000 DUI offense fine. See 625 ILCS 5/11-501(d)(2)(E) (West 2012) (mandatory $5000 fine where the defendant's blood alcohol concentration is 0.16 or more).

¶ 23    But it is well established that arguments may not be raised for the first time in a petition for rehearing. Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016); *In re Leslie H.*, 369 Ill. App. 3d 854, 859 (2006) ("the party seeking a rehearing cannot assign as error points or arguments that could have been raised before the appeal was resolved"). When a defendant fails to argue plain error on appeal, the plain error issue is itself forfeited. *People v. Hillier*, 237 Ill. 2d 539, 545-46 (2010). Moreover, forfeiture at this stage of proceedings does not leave Grigorov without

remedy; as Grigorov's counsel noted during oral arguments, there is no limit on the filing of successive section 5-9-2 petitions in the trial court. Accordingly, under the circumstances, we do not need to invoke the plain error doctrine, which our supreme court has repeatedly emphasized is a "narrow and limited exception" to general rules of forfeiture. *People v. Johnson*, 238 Ill. 2d 478, 484 (2010) (citing *People v. Herron*, 215 Ill. 2d 167, 177 (2005)); *Hillier*, 237 Ill. 2d at 545.