NOTICE
Decision filed 10/14/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 180243-U

NO. 5-18-0243

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Clay County. |
| | ) | |
| v. | ) | No. 17-CF-103 |
| | ) | |
| HARLEY J. LOGAN, | ) | Honorable |
| | ) | Wm. Robin Todd, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's denial of defendant's motion to revoke fines is affirmed.

¶ 2    This appeal arises from the Clay County circuit court's order denying a motion to revoke fines filed by defendant, Harley Logan, pursuant to section 5-9-2 of the Unified Code of Corrections (Code). 730 ILCS 5/5-9-2 (West 2016). Because the court did not abuse its discretion in denying defendant's motion on the merits, we affirm.

¶ 3                                    I. Background

¶ 4                                 A. Procedural History

¶ 5    In September 2017, the State charged defendant by information with (1) one count of aggravated driving under the influence (DUI) (count I) (625 ILCS 5/11-501(a) (West 2016)) and (2) one count of driving while driver's license is revoked (DWR) (count II) (625 ILCS 5/6-

1

303(a) (West 2016)). The State alleged in the information that count I was defendant's fourth DUI offense, which made count I a nonprobationable, Class 2 felony, pursuant to section 11-501(d)(2)(C) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11-501(d)(2)(C) (West 2016)), and that defendant had two prior convictions for DWR or a similar out-of-state offense, which elevated count II to a Class 4 felony, pursuant to section 6-303(d-2) of the Vehicle Code (625 ILCS 5/6-303(d-2) (West 2016)).

¶ 6    On November 3, 2017, following plea negotiations, the State filed an amended information that contained the same two offenses as the original information, but count I was amended to allege that it was defendant's third, not fourth, DUI offense, which made count I a probationable Class 2 felony, pursuant to section 11-501(d)(2)(B) of the Vehicle Code. 625 ILCS 5/11-501(d)(2)(B) (West 2016). Defendant then entered a guilty plea to both counts contained in the amended information in exchange for concurrent sentences of four years' imprisonment on each count. The imposition of statutory fines, costs and fees, totaling $3239 after preincarceration credit was given, was also part of the plea negotiations. After accepting the plea and imposing the agreed-upon sentences, as well as the statutory fines, costs and fees, the circuit court admonished defendant of his right to appeal and informed defendant that he was "obligated to contact the clerk of this court within thirty days of [his] release from the Department of Corrections."

¶ 7                    B. The Motion for Revocation of a Fine

¶ 8    On March 14, 2018, with 19 months remaining on his prison sentence, defendant filed a *pro se* "motion for revocation of a fine," citing section 5-9-2 of the Code. 730 ILCS 5/5-9-2 (West 2016). In support of his request for revocation of the imposed fines, defendant claimed that he was "unable to pay the fines imposed by the [circuit] [c]ourt at the present time, [a]nd

2

after his release ***." Defendant also filed a form application to sue or defend as a poor person, averring that he had no personal property, his current income was limited to a $10 monthly state stipend through the Illinois Department of Corrections and his income for the preceding year was less than $5000.

¶ 9 Later that same day, the circuit court made a docket entry denying defendant's motion. The docket entry indicates that the court had reviewed "defendant's motion to dismiss/revoke fine and the statutory authority cited" prior to entering the denial order but offers no explanation for the denial. The court, again, ordered defendant to report to the circuit clerk within 30 days of his release from prison "TO ARRANGE [A] PAYMENT PLAN." (Emphasis in original.) This appeal followed.

¶ 10                                        II. Analysis

¶ 11 Defendant asserts that the circuit court abused its discretion in denying his motion to revoke fines, where "good cause" was shown "due to his inability to pay and the hardship that prevents him from paying the fines." In response, the State argues that defendant failed to establish good cause because his present income while incarcerated was anticipated by the court at the time of sentencing, and defendant's motion was premature regarding his claimed inability to pay upon his release from prison. We agree with the State.

¶ 12 Generally, the circuit court loses jurisdiction to alter a sentence after 30 days. *People v. Grigorov*, 2017 IL App (1st) 143274, ¶ 5. A section 5-9-2 petition is an exception to the 30-day bar because it is "a freestanding collateral action, 'allowing defendants to seek financial relief at any appropriate time.' " *Grigorov*, 2017 IL App (1st) 143274, ¶ 5. Section 5-9-2 of the Code provides that "the court, upon good cause shown, may revoke the fine or the unpaid portion or may modify the method of payment." 730 ILCS 5/5-9-2 (West 2016). The purpose of the "good

3

cause" requirement in section 5-9-2 is "to provide a defendant relief from fines when factors, external to the original proceedings, would warrant the revocation of the fines to ease a defendant's financial burden." *People v. Mingo*, 403 Ill. App. 3d 968, 972 (2010). "[T]o warrant revocation of a defendant's fines, [the] defendant must establish good cause, which is an inability to pay or a hardship that prevents him from paying the fines imposed by the court." (Internal quotation marks omitted.) *People v. Barajas*, 2018 IL App (3d) 160433, ¶ 10 (quoting 730 ILCS Ann. 5/5-9-2, Council Comments-1973, at 303 (Smith-Hurd 2007)). Section 5-9-2 refers to fines imposed under the Code. *People v. Bennett*, 144 Ill. App. 3d 184, 186 (1986).

¶ 13    Because section 5-9-2 provides that the trial court "*may* revoke the fine" (emphasis added) (730 ILCS 5/5-9-2 (West 2016)), we determine whether the court abused its discretion in denying defendant's petition. *People v. Perruquet*, 68 Ill. 2d 149, 153 (1977); see also *People v. One 1998 GMC*, 2011 IL 110236, ¶ 16 (noting that the legislative use of "may" is generally regarded as indicating a permissive or directory reading). A trial court abuses its discretion when its decision is "arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it." *People v. McDonald*, 2016 IL 118882, ¶ 32.

¶ 14    Here, the circuit court did not abuse its discretion in denying defendant's motion. Despite having no assets and virtually no prior income, defendant voluntarily entered his guilty plea and accepted the fines as part of the negotiated sentence. As the State correctly notes, the court was clearly aware of defendant's present inability to satisfy the imposed fines and had no expectation that defendant's finances would somehow improve while incarcerated when it ordered defendant to report to the circuit clerk within 30 days of his release to establish a payment plan. Defendant's assertion that he was presently unable to pay the fines was not based on extrinsic factors unknown at the time of the plea proceeding. Consequently, defendant's motion and

supporting application to sue or defend as a poor person were insufficient to establish a showing of good cause. Under these circumstances, defendant's current incarceration was not a sufficient "hardship" to establish good cause under section 5-9-2.

¶ 15   We also note that, although not specifically alleged in his petition, defendant asserts in his brief that he will likely face difficulties obtaining housing and employment upon his release from prison, a common obstacle faced by parolees. However, defendant's assertion that he will be unable to pay his fines after his release amounts to nothing more than mere speculation and falls short of demonstrating, in good faith, his inability to pay the fines. See *People v. Ruff*, 115 Ill. App. 3d 691, 695 (1983) (finding that provisions of section 5-9-2 provide a safeguard "for those who in good faith are unable to pay a fine").

¶ 16   Defendant also argues that the circuit court gave no consideration as to whether there existed good cause to revoke the fines, as the court's order contains no reference to good cause. As such, defendant argues the court abused its discretion in failing to exercise discretion. We disagree.

¶ 17   While the circuit court denied defendant's motion without explanation, the court expressed that it had reviewed "defendant's motion to dismiss/revoke fine and *the statutory authority cited*" prior to entering the denial order. (Emphasis added.) In his motion for revocation of a fine, defendant specifically cited to section 5-9-2 of the Code. As explained above, section 5-9-2 provides that "the court, upon *good cause* shown, may revoke the fine or the unpaid portion or may modify the method of payment." (Emphasis added.) 730 ILCS 5/5-9-2 (West 2016). Thus, we are not persuaded by defendant's argument, where the record amply shows the court had knowledge of the "good cause" requirement in section 5-9-2 prior to the

5

entry of the denial order. Furthermore, consistent with the court's ruling, defendant's motion fails to allege sufficient facts to establish a showing of good cause under the circumstances.

¶ 18      Accordingly, we cannot say that the circuit court abused its discretion in denying defendant's section 5-9-2 motion, where defendant failed to allege factors "external to the original proceedings" that affected his ability to pay. *Mingo*, 403 Ill. App. 3d at 972. Defendant may re-petition the circuit court if he can demonstrate a good faith, but unsuccessful, effort to secure gainful employment, or otherwise obtain the necessary resources to pay his fines upon his release from prison. See *Grigorov*, 2017 IL App (1st) 143274, ¶ 23 ("[T]here is no limit on the filing of successive section 5-9-2 petitions in the [circuit] court.").

¶ 19                                    III. Conclusion

¶ 20      Accordingly, we affirm the judgment of the circuit court of Clay County denying defendant's motion to revoke fines.


¶ 21      Affirmed.