No. 2-08-1013    Filed: 9-29-10

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--CF--3353 |
| JOEL L. MINGO, | ) ) | Honorable Rosemary Collins, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Joel L. Mingo, appeals from the trial court's denial of his petition for revocation of fines brought pursuant to section 5--9--2 of the Unified Code of Corrections (Code) (730 ILCS 5/5--9--2 (West 2008)).  For the reasons that follow, we affirm as modified.

BACKGROUND

In 2004, defendant was convicted of robbery (720 ILCS 5/18--1(a) (West 2002)) and aggravated battery (720 ILCS 5/12--4(b)(1) (West 2002)).  He was sentenced to 16 years' imprisonment on the robbery conviction and 10 years' imprisonment on the aggravated battery conviction, and he was ordered to pay an undelineated $243 in "[f]ines, [c]ourt [c]osts, [f]ees [and] [p]enalties."  In addition, the trial court ordered defendant to pay a $200 DNA assessment.  Pursuant to section 110--14(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110--14(a) (West

2004)), defendant was awarded a credit of $5 per day spent in presentencing custody, totaling $1,565.

On June 26, 2008, defendant filed his petition for revocation of fines. In the petition, defendant requested that all of his fines be vacated and that he be placed in a substance-abuse program. The trial court denied defendant's petition. Shortly thereafter, defendant filed a motion to reconsider, which the trial court also denied. Defendant then brought this appeal raising only the issue that the DNA assessment should be deemed satisfied.

ANALYSIS

On appeal, defendant argues that the credit he was awarded should completely satisfy the $200 DNA assessment and that the judgment should be corrected to reflect such a satisfaction.

Before addressing the merits of defendant's claim, however, we must first address the State's contention that we lack jurisdiction over this appeal because the trial court lacked jurisdiction of defendant's petition. According to the State, the trial court lacked jurisdiction of the petition because (1) it was filed more than 30 days after judgment and (2) it was filed while other appeals were pending. We disagree that the trial court lacked jurisdiction.

Relying on People v. Flowers, 208 Ill. 2d 291, 303 (2003), the State notes that the trial court loses jurisdiction in the original action after 30 days have passed from the entry of judgment. This does not, however, restrict the trial court's ability to address freestanding, collateral actions, such as postconviction petitions (725 ILCS 5/122--1 (West 2008)) or petitions brought under section 2--1401 of the Code of Civil Procedure (735 ILCS 5/2--1401 (West 2008)).

To determine whether a petition brought under section 5--9--2 of the Code is one such freestanding, collateral action, we must interpret the language of section 5--9--2, which we do de

novo. People v. Robinson, 172 Ill. 2d 452, 457 (1996). The primary goal in statutory construction is to ascertain and give effect to the intent of the legislature. People v. Pullen, 192 Ill. 2d 36, 42 (2000). In doing so, we must assume that the legislature did not intend an absurd or unjust result. Pullen, 192 Ill. 2d at 42. The first step is to examine the language of the statute--"the surest and most reliable indicator of legislative intent." Pullen, 192 Ill. 2d at 42. Where the language is clear, the statute may not be revised to include exceptions, limitations, or conditions that the legislature did not express. People v. Goins, 119 Ill. 2d 259, 265 (1988).

The plain language of section 5--9--2 indicates that the legislature intended petitions for the revocation of fines to be freestanding actions, collateral to the original action. Section 5--9--2 provides: "Except as to fines established for violations of Chapter 15 of the Illinois Vehicle Code, the court, upon good cause shown, may revoke the fine or the unpaid portion or may modify the method of payment." 730 ILCS 5/5--9--2 (West 2008). The plain language of section 5--9--2 does not impose any time limit on the filing of a petition to revoke fines. To impose a time limitation, such as within 30 days of the entry of judgment, would be to impose a limitation that the legislature did not express, something we are not permitted to do. Goins, 119 Ill. 2d at 265. Moreover, the legislature has demonstrated, on numerous occasions, its ability to set time limits for the filing of motions and petitions when it has so chosen. See, e.g., 725 ILCS 5/116--1(b) (West 2008) (motion for new trial must be filed within 30 days following the verdict); 725 ILCS 5/116--2(a) (West 2008) (motion in arrest of judgment must be filed within 30 days following the finding or verdict of guilty); 730 ILCS 5/5--8--1(c) (West 2008) (requiring a motion to reduce sentence to be filed within 30 days of the sentence's imposition).

In addition, to require petitions under section 5--9--2 of the Code to be filed within 30 days of the judgment would be to render section 5--9--2 superfluous and meaningless. See People v. Jones, 214 Ill. 2d 187, 193 (2005) ("statute[s] should be read as a whole and construed so that no part *** is rendered meaningless or superfluous"); Artisan Design Build, Inc. v. Bilstrom, 397 Ill. App. 3d 317, 328 (2009) (an act must be read in its entirety). Section 5--8--1(c) of the Code (730 ILCS 5/5--8--1(c) (West 2008)) provides that a motion to reduce sentence must be filed within 30 days of the imposition of sentence (the judgment in a criminal case). If a defendant's request to revoke fines were required to be filed within 30 days of the judgment, it could simply be included in a motion to reduce the sentence; no separate petition would be required. Thus, to read section 5--9--2 as requiring the filing of a petition for revocation of fines within 30 days of the judgment would be to make section 5--9--2 duplicative of section 5--8--1(c), thus rendering section 5--9--2 superfluous and meaningless.

Moreover, the good-cause requirement in section 5--9--2 suggests that the legislature intended section 5--9--2 to provide a defendant relief from fines when factors, external to the original proceedings, would warrant the revocation of the fines to ease a defendant's financial burden. See 730 ILCS 5/5--9--2 (West 2008) (allowing for the revocation of fines "upon good cause shown"). Such factors certainly could, and likely would, arise after 30 days had passed from the imposition of the sentence. Thus, limiting the time frame in which a section 5--9--2 petition may be brought would negate the implied purpose of allowing defendants to seek financial relief at any appropriate time.

Accordingly, we conclude that the plain language and purpose of section 5--9--2 of the Code indicate that the legislature intended section 5--9--2 petitions to be freestanding, collateral actions not subject to the ordinary 30-day jurisdictional time limit.

The State also argues that the trial court lacked jurisdiction because defendant had two appeals pending when he filed the petition for revocation of fines. While, typically, a trial court loses jurisdiction upon the filing of a notice of appeal, it retains jurisdiction "where the matter appealed from is independent of, and collateral to, the case before the trial court." People v. Shukovsky, 128 Ill. 2d 210, 227 (1988); see also People v. Hernandez, 296 Ill. App. 3d 349, 351 (1998) ("the court retains jurisdiction [after the filing of a notice of appeal] to perform ministerial functions and to determine matters that are independent of and collateral to the order being appealed"). Here, the orders that were on appeal denied defendant's requests that his sentence be reduced and that he be awarded additional credit for time served. These issues were collateral to the issue of whether defendant's fines should have been revoked. Moreover, because we determine that a petition under section 5--9--2 is a freestanding, collateral action, similar to a petition under section 2--1401 of the Code of Civil Procedure or a postconviction petition, it will always be collateral to whatever is pending on appeal. See People v. Walker, 395 Ill. App. 3d 860, 867 (2009) ("our supreme court has held that the pendency of a direct appeal does not affect the trial court's jurisdiction to entertain collateral attacks, including petitions under the [Post-Conviction Hearing] Act and section 2--1401").

Consequently, the trial court did have jurisdiction to decide defendant's petition for revocation of fines and, in turn, we have jurisdiction to review defendant's appeal.

Turning to the merits, defendant did not contend in his petition to revoke that his $5-per-day credit should completely satisfy the $200 DNA assessment. Because the credit is mandatory, however, defendant is permitted to raise the issue for the first time on collateral appeal and the issue cannot be forfeited. People v. Caballero, 228 Ill. 2d 79, 88 (2008). In People v. Long, 398 Ill. App. 3d 1028, 1034 (2010), the Fourth District held that the $200 DNA assessment imposed under section 5--4--3(j) of the Code (730 ILCS 5/5--4--3(j) (West 2008)) was a fine, rather than a fee. As such, it was subject to being satisfied, in whole or in part, by the credit awarded to the defendant for the time he served in presentencing custody. Long, 398 Ill. App. 3d at 1034. Here, the State does not argue otherwise. Accordingly, we apply defendant's credit of $1,565 to completely satisfy the $200 DNA assessment. (No other fines to which the $1,565 would apply were imposed against defendant.) See 725 ILCS 5/110--14(a) (West 2008).

Defendant acknowledges that because the DNA assessment is a fine, he is subject to a fine under section 10(b) of the Violent Crime Victims Assistance Act (Act) (725 ILCS 240/10(b) (West 2008)). See Long, 398 Ill. App. 3d at 1034. Section 10(b) of the Act provides for the imposition of a $4 fine for every $40, or part thereof, in other fines imposed. The only other fine imposed against defendant was the $200 DNA assessment, meaning that defendant should have been assessed a $20 fine under section 10(b) of the Act. Pursuant to Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we now enter the $20 fine that should have been assessed against defendant. This fine is not subject to being offset by defendant's $5-per-day credit for time spent in presentencing custody. 725 ILCS 240/10(b) (West 2008) ("Such additional penalty shall not be considered a part of the fine for purposes of any reduction made in the fine for time served either before or after sentencing"); see also People v. Evangelista, 393 Ill. App. 3d 395, 402 (2009).

CONCLUSION

The judgment of the circuit court of Winnebago County is affirmed as modified to reflect that the $200 DNA assessment imposed on defendant is completely satisfied by the credit awarded to defendant, and that a $20 Violent Crime Victims Assistance Act fine is imposed.

Affirmed as modified.

ZENOFF, P.J., and BURKE, J., concur.