# Illinois Official Reports

## Appellate Court

---

### *People v. Garza*, 2018 IL App (3d) 160684

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL GARZA, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0684 |
| Filed | November 1, 2018 |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 15-CF-404; the Hon. Cynthia M. Raccuglia, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Karen Donnelly, State's Attorney, of Ottawa (Patrick Delfino, David J. Robinson, and Nicholas A. Atwood, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justices Holdridge and Lytton concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Daniel Garza, appeals the denial of his motion to quash court costs and fines. We affirm.

## I. BACKGROUND

¶ 3    Defendant entered a fully negotiated guilty plea to unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(2)(A) (West 2014)) and aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (3)(C) (West 2014)). The terms of the plea included two concurrent terms of 7½ years' imprisonment. Additionally, defendant agreed to pay a $3000 substance abuse assessment, a $100 laboratory analysis assessment, and a $500 street value fine. The court awarded defendant $520 in sentencing credit toward defendant's fines, which completely offsets the street value fine.

¶ 4    Subsequently, defendant filed a motion to quash court costs and fines pursuant to section 5-9-2 of the Unified Code of Corrections (Code) (730 ILCS 5/5-9-2 (West 2016)). [1] Defendant's motion sought to revoke his assessments on the basis that he lacked sufficient income and resources to pay his outstanding court costs. The circuit court denied defendant's motion, finding that it lacked jurisdiction and that the motion was untimely.

## II. ANALYSIS

¶ 6    On appeal, defendant contends that the circuit court erred by dismissing defendant's revocation motion on the basis that it lacked jurisdiction and the motion was untimely. The State concedes that the court's reasoning for denying the motion was erroneous, but it argues that the error was harmless. Upon review of the record, we accept the State's concession of error. See *People v. Mingo*, 403 Ill. App. 3d 968 (2010) (holding that section 5-9-2 of the Code does not impose a timeliness requirement and the circuit court retains jurisdiction to hear a motion to revoke fines). We also agree with the State that the circuit court's error is harmless. Specifically, we find that although the court's reasoning was incorrect, the denial of defendant's revocation motion was proper because the assessments defendant sought to revoke were either not subject to revocation or completely offset by the presentence custody credit.

¶ 7    Here, defendant's motion sought to revoke or reduce the amount owed for three assessments the circuit court imposed at sentencing pursuant to section 5-9-2 of the Code. Section 5-9-2 allows a defendant to petition for revocation of a fine or unpaid portion of a *fine* "upon good cause shown." 730 ILCS 5/5-9-2 (West 2016). We discuss the three assessments defendant sought to revoke in turn.

¶ 8    First, defendant sought to revoke the laboratory analysis assessment. The laboratory analysis assessment is not a fine. It is a fee, which is not subject to revocation pursuant to section 5-9-2 of the Code. See *People v. Littlejohn*, 338 Ill. App. 3d 281, 283 (2003).

---

[1]Although defendant did not include a citation to section 5-9-2 of the Code, both parties on appeal agree that defendant's motion was substantively a motion pursuant to section 5-9-2. See *People ex rel. Ryan v. City of West Chicago*, 216 Ill. App. 3d 683, 688 (1991) (the substance of a filing determines the character of the document).

¶ 9       Second, defendant sought to revoke the substance abuse assessment. The substance abuse assessment is a fine. However, this assessment is not subject to revocation pursuant to section 5-9-2. Instead, there are two separate statutory provisions available to a defendant seeking to reduce the balance of the substance abuse assessment. Either a defendant "may petition the court to convert all or part of the assessment into court-approved public or community service," or "[t]he court may suspend the collection of the assessment" if a "defendant agrees to enter a [court approved] substance abuse intervention or treatment program" (so long as defendant agrees to pay for some or all of the costs associated with treatment or intervention). See 720 ILCS 570/411.2(e), (f) (West 2016). Defendant here did not petition the court to convert the substance abuse assessment into an approved public service or seek to complete an approved substance abuse intervention or treatment program. Rather, defendant sought to revoke his fines on the basis that he lacked sufficient income and resources to pay the outstanding court costs. Defendant's ability to pay this assessment is not an enumerated factor for the circuit court to consider when determining to reduce or revoke this fine. Because defendant failed to include a request pursuant to these statutory sections in his motion, this argument is not properly before this court.

¶ 10      Lastly, defendant sought to revoke the street value fine. This fine is subject to revocation pursuant to section 5-9-2 of the Code. However, this fine was completely offset by the presentence custody credit defendant received. Therefore, remand for a hearing on the revocation of this fine is unnecessary. Consequently, we conclude that the circuit court did not err when it denied defendant's motion to quash court costs and fines.

¶ 11                                    III. CONCLUSION

¶ 12      The judgment of the circuit court of La Salle County is affirmed.

¶ 13      Affirmed.