# Illinois Official Reports

## Appellate Court

---

### *People v. Rivera*, 2020 IL App (2d) 171002

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VICTOR RIVERA, Defendant-Appellant. |
| District & No. | Second District<br>Nos. 2-17-1002, 2-17-1003 cons. |
| Filed | February 27, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, Nos. 15-CF-885, 15-CF-892; the Hon. John A. Barsanti, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Lucas Walker, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Ivan O. Taylor Jr., of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE JORGENSEN delivered the judgment of the court, with opinion.<br>Justices Burke and Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1       In case No. 15-CF-885, defendant, Victor Rivera, pleaded guilty to aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2014)). In case No. 15-CF-892, defendant pleaded guilty to unlawful possession of a controlled substance (720 ILCS 570/402(a)(2)(A) (West 2014)). The pleas were entered simultaneously on July 27, 2016, pursuant to an agreement with the State that provided, *inter alia*, that defendant would pay certain fines. On October 2, 2017, defendant moved to revoke a fine. The trial court denied the motion on the basis that defendant had not moved to withdraw his plea. Defendant filed a notice of appeal under both case numbers. We assigned separate docket numbers to the appeals and consolidated them. We reverse and remand for further proceedings.

¶ 2                          I. BACKGROUND

¶ 3       Before defendant entered his guilty pleas, the prosecutor described the plea agreement to the trial court. In case No. 15-CF-885, defendant would plead guilty to aggravated battery with a firearm and would be sentenced to an eight-year prison term. He would pay $400 in court costs and a $30 children's advocacy center fee. The prosecutor noted that "fines are zero after pretrial detention credit." In case No. 15-CF-892, defendant would plead guilty to unlawful possession of a controlled substance and would be sentenced to a 10-year prison term. He would pay a $2900 street-value fine, a $2000 drug assessment, $400 in court costs, a $100 drug testing fee, a $100 crime-lab fee, and a $30 children's advocacy center fee.

¶ 4       Defendant's motion to revoke the fines alleged that defendant (1) could not pay the fine and would be unable to pay it upon release, (2) would need to find "housing to parole to" and "employment as an ex-offender of Illinois law," (3) would need transportation to find a job, (4) would need transportation to work if he found a job, and (5) owned no property and had no bank accounts or investments.

¶ 5       The trial court entered a written order denying the motion. The order stated as follows:

> "The Defendant pleaded guilty, and was found guilty and was sentenced to agreed sentences on July 27, 2016[,] on both cases, 15 cf 885 and 15 cf 892. The Defendant has not filed a motion to withdraw his guilty plea in either case. The Court is not required to revoke the fine as ordered within the agreed upon sentence.
>
> Under the authority of the Supreme Court of Illinois in People v. Evans, [174 Ill. 2d 320 (1996)], the Court is not required to change the terms of an agreed upon sentence without the filing of a motion to Withdraw the Guilty Plea."

These appeals followed.

¶ 6                          II. ANALYSIS

¶ 7       Section 5-9-2 of the Unified Code of Corrections (Code) (730 ILCS 5/5-9-2 (West 2016)) provides that, "[e]xcept as to fines established for violations of Chapter 15 of the Illinois Vehicle Code, the court, upon good cause shown, may revoke the fine or the unpaid portion or may modify the method of payment." A defendant establishes "good cause" by showing that he or she cannot pay a fine or that hardship prevents the payment. *People v. Barajas*, 2018 IL App (3d) 160433, ¶ 10. The trial court's decision is reviewed under the abuse-of-discretion standard. See *id.* ¶ 11.

¶ 8     Defendant contends that the trial court erroneously denied his motion "on the basis that the fine was part of a sentence that was imposed pursuant to a negotiated plea and [defendant] had not filed a *** motion to withdraw the plea [under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017)]." Defendant maintains that his failure to file a motion to withdraw was "irrelevant" and that the court "was mistaken in its belief that a [Rule] 604(d) motion had to be filed before it could consider the motion to revoke a fine." We conclude that a Rule 604(d) motion to withdraw a negotiated plea is not a prerequisite to relief under section 5-9-2. Rule 604(d) expressly provides that a motion to withdraw is a prerequisite to *an appeal* following the entry of a negotiated guilty plea. However, Rule 604(d) imposes no such prerequisite with respect to a motion under section 9-5-2, which gives rise to a freestanding collateral action. See *People v. Mingo*, 403 Ill. App. 3d 968, 972 (2010).

¶ 9     The State argues, however, that principles of contract law governing plea agreements preclude a defendant from seeking to revoke a fine resulting from a negotiated guilty plea. As our supreme court has explained, "[a]lthough plea agreements exist in the criminal justice structure, they are governed to some extent by contract law principles." *People v. Evans*, 174 Ill. 2d 320, 326 (1996). In the consolidated appeals in *Evans*, the defendants entered into plea agreements pursuant to which the State agreed to recommend that the defendants be sentenced to specified prison terms. In both cases, the trial courts imposed the recommended sentences, but the defendants moved to reduce their sentences without withdrawing their pleas, arguing that Illinois Supreme Court Rule 604(d) (eff. Aug. 1, 1992) permitted them to do so. The *Evans* court disagreed, reasoning that, when the parties enter into a plea agreement, "the guilty plea and the sentence 'go hand in hand' as material elements of the plea bargain." *Evans*, 174 Ill. 2d at 332. The court explained that "[t]o permit a defendant to challenge his sentence without moving to withdraw the guilty plea in these instances would vitiate the negotiated plea agreement he entered into with the State." *Id.* The court held that, "following the entry of judgment on a negotiated guilty plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the status quo." *Id.*

¶ 10    To determine whether defendant's fines are part of the plea agreement, requiring him to move to withdraw his plea, we must interpret the plea agreement. "[C]ourts interpret the terms of the agreement according to the reasonable expectations of the parties." *In re Detention of Lindsay*, 333 Ill. App. 3d 474, 478 (2002). By its nature, a plea agreement limits the sentencing discretion that the trial court would exercise absent the agreement. By bargaining away the discretionary element of sentencing, a defendant necessarily bargains away the right to claim that the agreed sentence was an abuse of discretion. Section 5-9-1 of the Code (730 ILCS 5/5-9-1(d)(1) (West 2016)) provides that, in determining the amount of a fine, the trial court is to consider "the financial resources and future ability of the offender to pay the fine." In accordance with the contract principles discussed above, a defendant who agrees to pay a fine of a certain amount bargains away the right to seek reconsideration on the ground that, taking into account the defendant's financial resources and future ability to pay the fine, the trial court abused its discretion and set the amount too high. That aspect of the bargain does not necessarily extend, however, to a motion to revoke a fine, which is predicated not on an abuse of sentencing discretion but on the emergence of hardship or inability to pay when the motion to revoke a fine is filed. *Cf. State v. Obas*, 130 A.3d 252, 261 n.6 (Conn. 2016) (defendant's agreement to register as a sex offender for 10 years did not preclude him from seeking

exemption from requirement based on his rehabilitation after sentencing).[1] This reasoning is particularly compelling where a fine is mandatory, as was defendant's street-value fine. See *People v. Craddock*, 163 Ill. App. 3d 1039, 1048 (1987). In such cases, the parties' bargain does not limit the trial court's discretion; the court has none to start with. In this respect, a defendant who enters a negotiated plea is similarly situated with those who enter blind guilty pleas or who are convicted after a trial and should likewise be permitted to seek relief based on hardship or inability to pay, without seeking to rescind the plea agreement.

¶ 11        The State argues that we should affirm the denial of defendant's section 5-9-2 motion because it was insufficiently specific. Defendant's motion to revoke appears to be a preprinted, fill-in-the-blanks form.[2] In it, defendant alleged that he had been ordered "to pay a fine of *$530.00*, against *15CF885/15CF892*."[3] According to the State, the $530 figure set forth in the motion, which is less than 10% of the total amount that defendant was ordered to pay, was arbitrary. The State contends that "[t]here is no explanation as to why [defendant] can pay over 90% of the assessed costs for his convictions, but not this final amount." The State has offered no guidance as to how specific a section 5-9-2 petition must be. "The failure to elaborate on an argument, cite persuasive authority, or present a well-reasoned theory *** results in forfeiture of the argument." *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 54. Although there does not appear to be any authority directly on point, the State should have at least provided some analysis supported by the most closely analogous case law available. Because the State failed to do so, it forfeited its argument.

¶ 12        The State argues that defendant may not obtain relief under section 5-9-2 because the only outstanding fine against defendant is the $2900 street-value fine. The State cites *People v. Garza*, 2018 IL App (3d) 160684, ¶ 9, for the proposition that relief under section 5-9-2 is unavailable where the General Assembly has provided another method for modifying a fine. The *Garza* court held that section 5-9-2 did not apply to a substance abuse assessment, because there were statutory provisions to convert the assessment to public or community service or to suspend the collection of the assessment if the defendant agreed to enter a substance abuse intervention or treatment program. *Id.* The State's reliance on *Garza* is misplaced, however, because the *Garza* court specifically held that section 5-9-2 applies to street-value fines. *Id.* ¶ 10.

¶ 13        The basis for the trial court's ruling on defendant's motion was that, under *Evans*, the court was not required to "change the terms of an agreed upon sentence." Given that we have interpreted the plea agreement to permit defendant to seek relief under section 5-9-2, the relief defendant seeks would not change the terms of the agreement. Because the trial court's decision was based on an error of law, it was an abuse of discretion. *North Spaulding Condominium Ass'n v. Cavanaugh*, 2017 IL App (1st) 160870, ¶ 46. We therefore remand the

---

[1]We note that relief might be inappropriate where the defendant's financial situation has not changed since he or she entered the negotiated plea. A claim of hardship or inability to pay based on circumstances that existed when a defendant was sentenced would be tantamount to a claim that the sentence was an abuse of discretion. Having bargained away the discretionary element of sentencing, a defendant cannot make that claim.

[2]The form is mostly typed with case-specific information (*e.g.*, defendant's name and the case numbers) handwritten.

[3]The emphasized portions were handwritten.

cause to the trial court to determine whether there is good cause to revoke defendant's fine.

¶ 14                                    III. CONCLUSION

¶ 15        For the foregoing reasons, the judgment of the circuit court of Kane County is reversed, and the case is remanded to the circuit court of Kane County for further proceedings.

¶ 16        Reversed and remanded.