NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241381-U

NO. 4-24-1381

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 19, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| ERIC R. GLAS, | ) | No. 21CF527 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Talmadge "Tad" Brenner, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed the trial court's denial of defendant's motion to revoke his fines, finding the court did not abuse its discretion.

¶ 2    Defendant, Eric R. Glas, pleaded guilty to one count of possession of methamphetamine (720 ILCS 646/60(a) (West 2020)). The trial court sentenced him to five years in prison and assessed various fines. Later, defendant filed a motion for the revocation of his fines. The court denied his motion, finding defendant waived any objection to his fines and did not establish good cause to waive them.

¶ 3    Defendant appeals the trial court's ruling, arguing the court abused its discretion by denying his motion for the revocation of his fines. We affirm.

¶ 4                                I. BACKGROUND

¶ 5    In May 2022, in Adams County case No. 21-CF-527, defendant pleaded guilty to

one count of unlawful possession of methamphetamine. On the same day, in Adams County case No. 21-CF-785, defendant pleaded guilty to one count of criminal trespass to a vehicle (720 ILCS 5/21-2(a) (West 2020)) and one count of driving while his license was suspended (625 ILCS 5/6-303(c-2) (West 2020)). Defendant and the State agreed to a sentence of five years in prison. The trial court accepted the agreement and sentenced defendant to concurrent five-year prison terms in both cases.

¶ 6        Pursuant to defendant's agreement with the State, in case No. 21-CF-527, the trial court imposed fines, costs, and assessments totaling $2,450. Defendant received a $75 credit, resulting in a total balance of $2,375. In case No. 21-CF-785, where defendant posted bond, the leftover credit of $2,093.30 was applied to his balance in case No. 21-CF-527. An additional bond of $100 was applied to his balance, but a further charge of $54.51 was added when the matter was referred for collection. This resulted in a total unpaid balance in case No. 21-CF-527 of $236.21.

¶ 7        In August 2024, defendant, *pro se*, filed a motion for the revocation of his fines. Defendant stated that his fines were "due to an incarceration, and that due to this incarceration he [was] unable to pay any fines or cost associated" with his case. In an attached affidavit, defendant stated he was incarcerated and received a stipend of $17.85 per month. Defendant also stated he owed more than $23,400 in court fines and assessments in cases across Adams, Pike, and Kankakee Counties. He had $9,500 in student loans, which would "[b]ecome [d]ue around the time of his expected release," as well as $12,000 in debt that had been "turned into collections" that he would "need to start repaying apon [*sic*] release." Defendant owned no real estate or other notable assets. He listed various expenses he expected to incur upon his release, including a reinstatement fee for his driver's license, transportation expenses, and housing or medical costs. Defendant asserted that he did not have the financial resources to pay his fines, and he asked the trial court to vacate the

remaining $236.21 in fines.

¶ 8　　　　The trial court denied defendant's motion. In its written order, the court referred to the financial sentencing order from case No. 21-CF-785 that was included in the record in case No. 21-CF-527. That financial sentencing order indicated that defendant's bond was applied to other " 'outstanding balances.' " After this credit, defendant's remaining balance was $236.21. The court added, "Given that defendant's sentence in [case No. ]21[-]CF[-]527 was negotiated and defendant did not timely object to the minimum fines and costs imposed, the court finds that defendant has waived the issue and further finds that defendant has failed to establish good cause under 730 ILCS 5/5-9-2."

¶ 9　　　　This appeal followed.

¶ 10　　　　　　　　　　　　　　II. ANALYSIS

¶ 11　　　　On appeal, defendant argues the trial court abused its discretion in denying his motion for the revocation of his fines. He asks us to reverse the court's order and remand for further consideration of his motion.

¶ 12　　　　Section 5-9-2 of the Unified Code of Corrections (730 ILCS 5/5-9-2 (West 2022)) states, "Except as to fines established for violations of Chapter 15 of the Illinois Vehicle Code, the court, upon good cause shown, may revoke the fine or the unpaid portion or may modify the method of payment." To establish "good cause," a defendant must demonstrate an " 'inability to pay' or a 'hardship' that prevents him from paying the fines." *People v. Barajas*, 2018 IL App (3d) 160433, ¶ 10 (quoting 730 ILCS 5/5-9-2, Council Comments-1973, at 303 (Smith-Hurd 2007)). Section 5-9-2 provides a defendant "relief from fines when factors, external to the original proceedings, would warrant the revocation of the fines to ease a defendant's financial burden." *People v. Mingo*, 403 Ill. App. 3d 968, 972 (2010). We review a trial court's denial of a motion to

revoke fines under section 5-9-2 for an abuse of discretion. *People v. Rivera*, 2020 IL App (2d) 171002, ¶ 7. "[A]n abuse of discretion occurs where the trial court's decision is arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it." *People v. McDonald*, 2016 IL 118882, ¶ 32.

¶ 13    Defendant contends that the trial court abused its discretion by denying his motion. First, defendant argues that he did not waive his objection to the fines. The text of section 5-9-2 does not state that a defendant must object to a fine at the time of sentencing before seeking the revocation of a fine. See 730 ILCS 5/5-9-2 (West 2022). Similarly, the text of section 5-9-2 does not foreclose motions to revoke fines whenever a defendant enters a negotiated guilty plea. See *id.* Citing *Mingo*, defendant contends that section 5-9-2 does not create any time limit for motions to revoke fines. See *Mingo*, 403 Ill. App. 3d at 971 ("The plain language of section 5-9-2 does not impose any time limit on the filing of a petition to revoke fines.").

¶ 14    Defendant also relies on *Rivera*, 2020 IL App (2d) 171002, ¶ 8. There, the defendant and the State agreed to a negotiated guilty plea, which included the defendant agreeing to pay certain fines. *Id.* ¶ 1. Over one year later, the defendant filed a motion to revoke a fine. *Id.* The trial court denied the defendant's motion, finding the fines were part of the negotiated plea, and the defendant did not move to withdraw his plea. *Id.* ¶ 5. The appellate court reversed, explaining that a motion to withdraw a guilty plea "is not a prerequisite to relief under section 5-9-2." *Id.* ¶ 8. The court reasoned that the defendant's motion to revoke was based "on the emergence of hardship or inability to pay when the motion to revoke a fine [was] filed," not when the defendant pleaded guilty. *Id.* ¶ 10. In a footnote, the court added:

"[R]elief might be inappropriate where the defendant's financial situation has not changed since he or she entered the negotiated plea. A claim of hardship or inability

- 4 -

to pay based on circumstances that existed when a defendant was sentenced would be tantamount to a claim that the sentence was an abuse of discretion. Having bargained away the discretionary element of sentencing, a defendant cannot make that claim." *Id.* ¶ 10 n.1.

The court found that a negotiated guilty plea "bargains aways" the trial court's discretion to impose lower fines at sentencing based on the defendant's finances at that time, but this reasoning does not apply when the trial court had no discretion because the fines were mandatory or when the defendant's financial circumstances had changed by the time of the motion. *Id.* ¶ 10. The court concluded that the defendant's negotiated guilty plea did not foreclose his motion. *Id.* Defendant urges us to follow *Rivera* here.

¶ 15    We agree with defendant that a negotiated guilty plea does not, *per se*, prevent him from filing a motion to revoke fines. As *Rivera* found, a motion under section 5-9-2 seeks the revocation of fines based on the defendant's financial situation at the time the motion is filed, not his financial situation at the time the sentence was imposed. See *id.* A defendant does not necessarily waive any possible motion under section 5-9-2 simply by pleading guilty.

¶ 16    However, it is not clear that defendant's motion and attached affidavit alleged any information about his financial situation that he was unaware of at the time of his sentencing. *Rivera* specified that a defendant's motion to revoke a fine after a negotiated guilty plea should be based on the "emergence" of a new hardship. See *id.* Here, even at the time of sentencing, defendant likely could have expected that his incarceration would negatively affect his finances. He also does not claim that his loans or debts were new, only that those loans would become due or collectable soon.

¶ 17    But even if defendant's affidavit alleged a change in circumstances, the trial court

determined that those allegations did not show "good cause" to revoke defendant's fine. We find the court did not abuse its discretion in reaching this conclusion, and, for this reason, we affirm the court's order.

¶ 18        Defendant insists he established "good cause." Because of his incarceration, his lack of employment, and his lack of assets, defendant contends he does not have the resources to pay his fines. He also emphasizes his student loans, which will become due soon after his release from prison, and his other debts, which would be sent to collections. Defendant argues these facts establish "good cause" to revoke his fines.

¶ 19        Defendant's arguments do not convince us that the trial court abused its discretion. Much of defendant's alleged financial hardship follows directly from his prison sentence. Defendant's incarceration, his very low income from his prison stipend, and the expenses he expected to incur after his eventual release from prison are all facts that would apply to a substantial amount, perhaps the vast majority, of incarcerated defendants. We are simply not persuaded that the General Assembly intended section 5-9-2 to require trial courts to waive all fines for such a large portion of criminal defendants simply through the phrase "good cause." Similarly, if the trial court was not moved by defendant's driver's license reinstatement fee and various court fines, we cannot say this was an abuse of discretion. As with defendant's incarceration, these burdens were a direct consequence of defendant's sentences for his convictions. See *Mingo*, 403 Ill. App. 3d at 972 (stating that section 5-9-2 provides a defendant "relief from fines when factors, *external to the original proceedings*, would warrant the revocation of the fines to ease a defendant's financial burden" (emphasis added)).

¶ 20        Other than general allegations of unspecified medical, transportation, or housing costs, the only other financial burdens defendant alleged were his student loans and other debts.

But defendant did not provide any details on how much he could be required to pay per month on his loans, how the loan payments could burden his finances, or what the consequences of nonpayment might be. The trial court could reasonably have decided these loans did not create a sufficiently dire financial situation to warrant revoking defendant's fines.

¶ 21 More importantly, defendant's claims of financial hardship are speculative. At the time he filed his motion, defendant did not yet face any housing, transportation, or medical costs. He did not yet have to pay back any loans. Indeed, he did not allege any financial hardship that he faced at the time he filed his motion. He merely expected such hardship after his release from prison. Moreover, the trial court would struggle to evaluate how much defendant could be required to pay toward his unpaid balance without knowing what defendant's income would be if he found employment after his release. We therefore find the court did not abuse its discretion in finding defendant's expectations did not constitute "good cause" to waive all his fines at the time of his motion.

¶ 22 Lastly, defendant contends that the trial court failed to sufficiently consider his argument. The court's short written order summarily stated that defendant did not show "good cause." It did not use the phrases "inability to pay" or "hardship." The order also did not explicitly state that the court reviewed defendants' affidavit, nor did it mention any of defendant's specific factual allegations. According to defendant, this lack of an explanation, as well as the lack of a hearing on his motion, demonstrates that the court failed to properly exercise its discretion.

¶ 23 We disagree. First, we will not assume the trial court failed to consider defendant's motion simply because its order was short. Instead, "we presume that the trial judge knows and follows the law unless the record demonstrates otherwise." *People v. Blair*, 215 Ill. 2d 427, 449 (2005). Second, by using the phrase "good cause," the court used the precise statutory language in

section 5-9-2, which does not explicitly mention "hardship" or "inability to pay." See 730 ILCS 5/5-9-2 (West 2022). Third, defendant does not indicate he ever requested a hearing on his motion. Finally, the court's summary of the case's history, defendant's bond payment, and his remaining balance indicates it sufficiently reviewed the matter.

¶ 24                                 III. CONCLUSION

¶ 25          For the reasons stated, we affirm the trial court's judgment.

¶ 26          Affirmed.